MANUEL VIÑAS RODRÍGUEZ, Plaintiff and Appellant, *v.* J. S. WATERMAN & Co., Defendant and Appellee.

No. 5448. Argued December 4, 1932.—Decided July 29, 1932.

*Enrique Campillo* for appellant. *O. B. Frazer* and *R. Castro Fernández* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The plaintiff-appellant presented a suit entitled "Prelation of credits." The plaintiff previously filed an action against Arturo Ocasio Roldán under the summary process of the Mortgage Law. Shortly before this time the defendant, J. S. Waterman & Co., in the District Court of Mayagüez sued Arturo Ocasio Roldán, debtor aforesaid, and attached certain machinery, the object of the present litigation. The case in Mayagüez went on to judgment, the property attached was sold in execution, and adjudicated to the defendant, J. S. Waterman & Co. The goods attached were fixtures appropriate to a bakery and the plaintiff-appellant alleged that they formed a part of his mortgage. The goods, of course, were attached in San Juan, where the bakery apparently was located, as well as the lot subject to the mortgage. In the present suit the appellant alleged that he had a preferential right over said goods by reason of the mortgage. The plaintiff obtained a temporary injunction restraining the defendant or its agents or employees from removing any of the aforesaid machinery pending the decision of the case. The defendant, J. S. Waterman & Co., demurred. The District Court of San Juan, following the opinion in *Hernández* v. *District Court*, 34 P.R.R. 652, and section 1533 of the old Spanish Law of Civil Procedure, held that a suit for the prelation of credits did not lie after the property the object of the suit had been sold in execution. A motion for reconsideration was filed and the District Court of San Juan denied the same, adding to its reasoning that a prelation of credits did not lie unless it was shown that the execution creditor proposed, it may be said, to remove the machinery from the mortgaged lot. We think the court was right.

Among other things, the appellant alleges that while this suit was entitled "Prelation of credits," it in reality was not such a suit but one to aid the judgment that might be issued in the summary foreclosure proceeding. However, not only

the title but the prayer of the complaint and the last aver-
ment thereof all show that the theory was a prelation of
credits. Section 1531 of the Spanish Law of Civil Procedure
for Cuba and Puerto Rico, equivalent to section 1533 cited
by the court below of the Spanish Law, provided (War
Department translation) as follows:

"Interventions may be interposed at any stage of the executory
action.

"If the intervention should be based upon ownership, it shall
not be admitted after the execution of the deed of sale or the con-
summation of the sale of the property involved, or its award in pay-
ment and delivery to the execution creditor, reserving the right of
the third person to institute the action which he may deem proper
against any person and in the manner which may be proper.

"If the intervention should be based upon a preferred right, it
shall not be admitted after payment has been made to the execution
creditor."

A contention of the appellant was that while the prop-
erty was awarded to J. S. Waterman & Co. in the execution
sale its actual delivery had never taken place. However, if
such was the fact, the plaintiff ought to have made it appear
in his complaint, as the appellee remarks. We have some
idea, although it is unnecessary so to decide specifically, that
the title to the property passed by the execution sale and
was tantamount to a delivery.

While some other suit might have lain or the plaintiff
might perhaps have made an auxiliary remedy under the
mortgage proceeding, the defendant had no notice of any-
thing except a claim of a preferred credit.

Furthermore, there is nothing in the record to show that
the theory now urged upon this Court as to the nature of
the action was ever presented to the court below. The indica-
tions are quite to the contrary.

The court gave the plaintiff an opportunity to amend, of
which he did not avail himself but insisted on the complaint
as it stood, and, as we shall see, the complaint was otherwise

defective. While there is some indication that the other defects were not much insisted upon in the lower court, yet, of course, the appellee has a right to rely on them where a plaintiff insists upon the sufficiency of his complaint.

As the appellee points out, the complaint does not allege that the property seized in execution of the judgment was permanently attached to the mortgaged property nor does the description of the mortgage show that the mortgage deed in any way described the said seized property.

Nor, as appellee points out, did the complaint set up that the property in the hands of the marshal was located in the mortgaged land nor yet that the said property belonged to the debtor. While perhaps certain inferences might have been made in favor of a plaintiff, especially if the case had gone to trial, *non constat* that the attached property was not on the land and did not belong to Arturo Ocasio.

It was not alleged that the property was worth more than $500, the amount necessary to give the District Court of San Juan jurisdiction.

Possibly, if the appellant had amended his complaint to make it one in aid of his mortgage proceeding and the other defects had remained, the defendant would have demurred again and the plaintiff would have had another opportunity to bring his case duly before the court.

The judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.